HAYWOOD S. GILLIAM, JR., United States District Judge
In this case, a coalition of thirteen states and the District of Columbia (collectively, "States" or "Plaintiff States") brought challenges to interim final rules and final rules (collectively, the "Rules") promulgated by federal agencies that create religious and moral exemptions to the contraceptive mandate contained within the Affordable Care Act. See Second Amended Complaint, Dkt. No. 170.[1] In January, the Court preliminarily *1064 enjoined implementation of the Rules within the Plaintiff States. See Dkt. No. 234. A few weeks later, the Court allowed Oregon to join the multi-state coalition, Dkt. No. 274, and now Oregon seeks to expand the geographic scope of the preliminary injunction to prevent the Rules from being implemented in Oregon pending a resolution on the merits. See Motion for Preliminary Injunction ("Mot."), Dkt. No. 312. The Court finds that the requested extension is warranted and therefore GRANTS Oregon's motion for a preliminary injunction.[2]
I. BACKGROUND
The Court recounted the extensive statutory, regulatory, and judicial background to this case in its January 13, 2019 order granting Plaintiffs' motion for a preliminary injunction and incorporates that summary by reference here. See Dkt. No. 234 at 2-15.
Since the Court granted preliminary relief in the Plaintiff States, Oregon filed its complaint-in-intervention, alleging the injuries that it predicts the state (and its citizens) will sustain if the Rules were to be implemented in Oregon. See Dkt. No. 287 ("Compl."). Oregon alleges that if the Rules go into effect, women who lose their entitlement to free contraceptives will turn to Oregon's ContraceptiveCare and Reproductive Health Equity Act programs, thereby increasing costs to the state. See Compl. ¶¶ 18-19, 22; see also Declaration of Helene Rimberg ("Rimberg Decl."), Dkt. No. 211 ¶ 7. And Oregon predicts that some women who lose contraceptive coverage because of the Rules may forgo contraceptive use entirely and unintentionally become pregnant, which could impose costs on the state's Medicaid program. Compl. ¶¶ 22-23; see also Rimberg Decl. ¶ 7-9. Oregon alleges that it expects at least one in-state employer-Hobby Lobby, which has five stores in Oregon-to invoke the exemption if it goes into effect. Compl. ¶ 24.
In its motion, Oregon concedes that granting an injunction would not have any immediate effect because Federal Defendants are currently enjoined from implementing the Rules nationwide based on the district court's order in Pennsylvania v. Trump , 351 F. Supp. 3d 791, 835 (E.D. Pa. 2019). However, Oregon contends that because the Pennsylvania injunction is "subject to appellate review and attack for its scope," there is an "imminent risk that the nationwide injunction could be lifted and thousands of Oregonian women left without contraceptive coverage." Mot. at 8.
Federal Defendants and Defendant-Intervenors March for Life opposed the extension of the preliminary injunction. See Dkt. Nos. 361 ("Fed. Opp."), 359 ("March Opp."). Oregon replied. See Dkt. No. 365 ("Reply").
II. LEGAL STANDARD
"A plaintiff seeking preliminary injunctive relief must establish that [it] is likely to succeed on the merits, that [it] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc. , 555 U.S. 7, 22, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008). Alternatively, an injunction may issue where "the likelihood of success is *1065 such that serious questions going to the merits were raised and the balance of hardships tips sharply in [the plaintiff's] favor," provided that the plaintiff can also demonstrate the other two Winter factors. All. for the Wild Rockies v. Cottrell , 632 F.3d 1127, 1131-32 (9th Cir. 2011) (citation and internal quotation marks omitted). Under either standard, the plaintiff bears the burden of making a clear showing that it is entitled to this extraordinary remedy. Earth Island Inst. v. Carlton , 626 F.3d 462, 469 (9th Cir. 2010).
III. DISCUSSION
The Court previously concluded that the Plaintiff States were entitled to a preliminary injunction because they had shown that: they were likely to succeed (or had at least raised serious questions going to the merits) on their claim that the Rules violated the Affordable Care Act, they would suffer irreparable harm absent preliminary relief, the balance of hardships tipped sharply in their favor, and the public interest favored injunctive relief. See Dkt. No. 234 at 21. Because the Court finds that there have not been any subsequent developments that would alter its analysis as to the likelihood of success, balance of the hardships, and public interest factors, the Court incorporates by reference its prior discussion of these factors. See id. at 21-39, 40-42.
That leaves irreparable harm. Oregon contends that "[i]f the nationwide injunction is lifted, the Rules will inflict irreparable harm." Mot. at 28. According to Oregon, the Rules will likely cause unintended pregnancies to rise and women to turn to state family planning programs, imposing unrecoverable costs on the state. Id. at 28-30. Federal Defendants respond that Oregon has not established irreparable injury because of the pre-existing nationwide injunction and its delay in moving for a preliminary injunction. See Fed. Opp. at 11-13. The Court considers each of Federal Defendants' arguments in turn.
A. Nationwide Injunction
Federal Defendants contend that this Court should not "enter a duplicative injunction" with the one issued by the district court in Pennsylvania . Fed. Opp. at 11. Federal Defendants cite to Hawai'i v. Trump , in which a district court granted the government's motion for an emergency stay pending an appeal in a similar case in the same circuit and noted that a parallel "nationwide injunction already provides [Hawai'i] with the comprehensive relief it seeks in this lawsuit." 233 F. Supp. 3d 850, 853 (D. Haw. 2017). However, this example is belied by the fact that the district court later issued a preliminary injunction that overlapped with one issued by a Maryland district court. See State v. Trump , 265 F. Supp. 3d 1140, 1146 (D. Haw. 2017).[3] Moreover, overlapping injunctions appear to be a common outcome of parallel litigation, rather than a reason for the Court to pass on exercising its duty to determine whether litigants are entitled to relief. For example, in recent litigation challenging the Secretary of Commerce's decision to add a citizenship question to the census, three district courts issued parallel injunctions against the policy. See New York v. United States Dep't of Commerce , 351 F. Supp. 3d 502, 677 (S.D.N.Y. 2019)[4] ;
*1066 State v. Ross , 358 F. Supp. 3d 965, 1050-51 (N.D. Cal. 2019) ; Kravitz v. United States Dep't of Commerce , 366 F. Supp. 3d 681, 755 (D. Md. 2019). The Court concludes that the existence of another injunction-particularly one in a different circuit that could be overturned or limited at any time-does not negate Oregon's claimed irreparable harm.
Federal Defendants also assert that because Oregon's asserted injury "is expressly contingent on a future event," it is "not an imminent, irreparable injury." Fed. Opp. at 11. Federal Defendants cite to In re Excel Innovations, Inc. , in which the Ninth Circuit noted that "[s]peculative injury cannot be the basis for a finding of irreparable harm." 502 F.3d 1086, 1098 (9th Cir. 2007). There, the Ninth Circuit overturned the bankruptcy court's preliminary injunction staying arbitration proceedings between two non-bankrupt parties, partly because the lower court had speculated when it cited the potential for inconsistent judgments as a basis for the injunction. Id. at 1089, 1098. But Oregon's asserted injury, although contingent on the nationwide injunction in Pennsylvania being dissolved, is not speculative. For the same reasons as the Court found in its order granting preliminary relief to the Plaintiff States, Oregon is likely to suffer irreparable harm if the Rules go into effect. See Dkt. No. 234 at 39; see also California v. Azar , 911 F.3d 558, 571 (9th Cir. 2018) (holding for standing purposes that the States "show, with reasonable probability, that the [interim final rules] will first lead to women losing employer-sponsored contraceptive coverage, which will then result in economic harm to the states"). And Oregon's injury is sufficiently imminent because though the Rules are currently enjoined, the Third Circuit could alter the injunction at any moment. By way of example, the Ninth Circuit has upheld preliminary relief to preserve the status quo where defendants could terminate an agreement with 60-days' notice, which would result in the plaintiffs suffering "irreparable harm before a trial on the merits could be held." Boardman v. Pac. Seafood Grp. , 822 F.3d 1011, 1023 (9th Cir. 2016) (citing Winter , 555 U.S. at 22, 129 S.Ct. 365 ). Were Oregon to no longer be covered by the Pennsylvania injunction, it could sustain irreparable harm immediately, before the Court could decide the merits of its claims.
Accordingly, because of the routine basis upon which federal courts grant parallel injunctions and the immediacy of the harm were the nationwide injunction to be lifted, the Court finds that these arguments do not preclude granting a preliminary injunction.
B. Delay
Federal Defendants argue that Oregon's five-month delay in seeking a preliminary injunction warrants denying its motion. Fed. Opp. at 12. The Court does not find this fact determinative.
A plaintiff's delay may "undercut" its claim of irreparable harm. Garcia v. Google, Inc. , 786 F.3d 733, 746 (9th Cir. 2015) ; see also Oakland Tribune, Inc. v. Chronicle Pub. Co. , 762 F.2d 1374, 1377 (9th Cir. 1985) (noting that a "long delay before seeking a preliminary injunction implies a lack of urgency and irreparable harm"). "By sleeping on its rights a plaintiff demonstrates the lack of need for speedy action."
*1067 Lydo Enters., Inc. v. City of Las Vegas , 745 F.2d 1211, 1213 (9th Cir. 1984) (internal quotation omitted). However, "delay is but a single factor to consider" and "courts are 'loath to withhold relief solely on that ground.' " Arc of Cal. v. Douglas , 757 F.3d 975, 990 (9th Cir. 2014) (quoting Lydo , 745 F.2d at 1214 ).
The Court finds Oregon's delay to be minimal and not a basis for denying preliminary relief. The Final Rules were promulgated on November 15, 2018, and were slated to take effect on January 14, 2019. See Dkt. No. 234 at 13. Oregon moved to intervene on January 7, Dkt. No. 210, requested joinder in the motion for preliminary injunction on February 21 (which the Court denied as procedurally improper), Dkt. No. 288, and moved for a preliminary injunction on April 30, Dkt. No. 312. To be sure, Oregon's challenge to the Rules has not been as swift as those of the Plaintiff States. But this slower pace is at least somewhat explained by the Pennsylvania injunction, which has prevented Oregon from suffering any harm from the Rules. Oregon partially explains the timing of its motion by noting that the Third Circuit recently heard oral arguments in Pennsylvania , which creates a "renewed risk of irreparable harm." Reply at 8. And Oregon has requested expedited consideration of its motion, which supports its argument that preliminary relief is needed. See Dkt. No. 353. In sum, although Oregon has not prosecuted this case as quickly as the Plaintiff States, it also has not slept on its rights, and the Court would be loath to deny relief solely on the basis of a few months' delay, particularly given the overlapping injunction.
IV. CONCLUSION
The Court finds that the State of Oregon has satisfied the requirements for a preliminary injunction and thus GRANTS its motion in order to preserve the status quo pending a final determination on the merits. The order enjoining enforcement of the Rules, Dkt. No. 234, is hereby EXTENDED to cover the State of Oregon.
IT IS SO ORDERED.

Federal Defendants in this case are Alex M. Azar, II, in his official capacity as Secretary of the Department of Health and Human Services; the Department of Health and Human Services ("HHS"); Alexander Acosta, in his official capacity as Secretary of the Department of Labor; the Department of Labor; Steven Mnuchin, in his official capacity as Secretary of the Department of the Treasury; and the Department of the Treasury.

The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. See Civil L.R. 7-1(b). Oregon also moved to shorten time and requested an expedited hearing on this motion. See Dkt. No. 353. Because the Court grants the motion for a preliminary injunction and finds that a hearing is not necessary, Oregon's request to shorten time is DENIED AS MOOT .

The Supreme Court later stayed enforcement of the preliminary injunctions as to specific groups, Trump v. Int'l Refugee Assistance Project , --- U.S. ----, 137 S. Ct. 2080, 2089, 198 L.Ed.2d 643 (2017), before determining on the merits that the challenged policies were lawful and reversing the granted preliminary injunctions, Trump v. Hawaii , --- U.S. ----, 138 S. Ct. 2392, 2423, 201 L.Ed.2d 775 (2018).

The Supreme Court recently affirmed in part and reversed in part the district court's judgment and remanded the case for further proceedings but did not discuss the injunction. See Dep't of Commerce v. New York , --- U.S. ----, 139 S.Ct. 2551, 204 L.Ed.2d 978 (2019).